UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AMY NICOLE BURTON | § | |
| | § | |
| vs. | § | NO:  MO:23-CV-00152-DC |
| | § | |
| ODESSA POLICE DEP'T OFFICER | § | |

### ORDER DISMISSING CASE FOR WANT OF PROSECUTION

Before this Court is Plaintiff's 42 U.S.C. §1983 Civil Rights Complaint, filed on October 2, 2023. [docket number 1]. On October 3, 2023, this Court ordered Plaintiff to either pay the filing fee or submit the proper documentation for proceeding *in forma pauperis* (*IFP*). [docket number 4]. This Court then warned Plaintiff that she should either file an Application to Proceed *IFP* with the accompanying documentation or pay the filing fee within 20 days of the entry of that Order or her case would be dismissed for failure to prosecute and failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b). [*Id.*].

On October 13, 2023, Plaintiff timely responded with a Motion to Proceed *IFP* but failed to include a certified copy of her inmate trust account statement. [docket number 5]. On October 19, 2023, this Court denied her Motion to Proceed *IFP* and ordered her to resubmit such a Motion along with a certified copy of her inmate trust account statement. [docket number 7]. In it, she was given 20 days in which to comply, warning that failure to comply would lead to having her case dismissed for failure to prosecute. [*Id.*].

When she failed to comply, on November 9, 2023, this Court issued a Second and Final Order regarding *IFP* and Advisory, giving Plaintiff until November 30, 2023, to comply and again warning her that failure to comply would lead to having her case dismissed for want of prosecution. [docket number 13]. The record reflects that since then, Plaintiff has neither objected to the Court's prior orders, nor otherwise attempted to comply, and the time to do so has definitively passed. [*See generally* docket].

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available given Plaintiff's inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). Plaintiff has never

responded appropriately to this Court's prior orders. Plaintiff is not excused for this failure because there is no evidence that she has not received the Order or that she requested more time to respond, and this Court has yet to grant said request. Taken together, these facts show Plaintiff's complete failure to prosecute this suit.

The Court finds that the only remedy available given Plaintiff's inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that the Complaint shall be dismissed in the interest of judicial economy. The Court shall dismiss the Complaint without prejudice to allow Plaintiff another opportunity to raise her claims, if necessary. *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). Therefore, this Court will dismiss this case without prejudice for want of prosecution under Rule 41. If, within 20 days of this Order, Plaintiff personally complies with this Court's earlier Order regarding *IFP*, this Court will rescind this Order and reopen this case. After 20 days, Plaintiff will be required to file a new §1983 Complaint to pursue her claims.

It is so **ORDERED**.

SIGNED this 8th day of December, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE